IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Michael Alonzo Rufus,** )<br>*Petitioner,* )<br>)<br>v. )<br>)<br>**Warden,** )<br>*Respondent.* ) | Case No. 1:22-cv-00977 (PTG/IDD) |

MEMORANDUM OPINION & ORDER

Petitioner Michael A. Rufus, a federal inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his confinement pursuant to 2003 convictions for conspiracy to possess with the intent to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(i), 846, and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1), as well as a subsequent term of incarceration imposed in 2012 for violating the terms of his supervised release. (Dkt. 1); *see United States v. Rufus*, No. 3:02-cr-00550 (D.S.C.). Because Petitioner's claims are not cognizable in a § 2241 petition, the Court lacks jurisdiction over the petition, and it must be dismissed.

A federal prisoner typically must file a motion under 28 U.S.C. § 2255 to collaterally attack their sentence. *See Marlowe v. Warden*, 6 F.4th 562, 568 (4th Cir. 2021). Section 2255's so-called "savings clause" allows a federal prisoner to file a § 2241 petition, instead, "if it 'appears that the [Section 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* (alteration in original) (quoting 28 U.S.C. § 2255(e)). Three elements must be satisfied to demonstrate that a § 2255 motion would be inadequate or ineffective to challenge a prisoner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). To demonstrate that a § 2255 motion would be inadequate or ineffective to challenge a prisoner's sentence, a petitioner must demonstrate four fairly similar elements:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

> Petitioner states the following to argue that § 2255 is inadequate or ineffective:

> § 2255 is fraudulent, unconstitutionally vague, and violates the mandates of the Due Process Clause in that it is universally applied to "prisoners" without regard to or a determination being made for purposes of "individual guarantees," *see Insurance Corp. [of Ireland] v. Compagnie des Bauxites [de Guinee]*, 456 U.S. 694, 702–03 [1982], or as related to the "persons," *see Dictionary Act*, subjected to be prosecuted not only by "district courts" or "courts created by Act of Congress," *see* 28 U.S.C. § 451, but also other tribunals encompassed the "courts established by Act of Congress" provision found 2255. Thus, Congress's legislation and the courts "forcing" an "individual" to return back to a "court" as defined 2255 deprives the "prisoner" of the "individual right" to a court of competent jurisdiction. 2255 is unconstitutional and must be adjudicated as such.

(Dkt. 1).

Petitioner's convoluted arguments do not even attempt to establish any of the *Jones* or *Wheeler* elements to demonstrate that a § 2255 motion would be inadequate or ineffective to challenge his conviction or sentence. Nor do any of the three grounds for relief raised in the § 2241 petition:

2

- Ground One: The Respondent's restraint of Applicant's liberty is in violation of the Due Process Clause in that it is under commitment order(s) that fails to show upon its face that "special statutory authority" for which said order is based and is a concerted effort to fraudulently conceal the special statutory authority of "persons," *see Dictionary Act*, prosecuted in "courts established by Act of Congress."

- Ground Two: Applicant's liberty is being restrained, and the execution of the sentencing, in violation of the Due Process Clause's prohibition against arbitrary action of government and the prohibition against the Bureau of Prisons abusing its authority pursuant PS 5100.08 and 18 U.S.C. § 3621(b). Said actions are obviously fraudulently part of the sentence in ground one and Applicant's guarantees of equal protection.[1]

- Ground Three: Applicant's liberty is being restrained and adversely destroyed by federal government instrumentalities under the frauds and breach of fiduciary duties of the instrumentalities complained in the above mentioned grounds, but not limited to, caused by a corrupt Dual Pay System . . . or incentives system being given to officers of the court, in addition to their salaries, for their experience, expertise, and excellence in conducting business of the courts of the United States in a manner to create and continue the façade of "universality." These circumstances create and permit the creation of a custom for the frauds and breach of fiduciary duties encompassed in Ground One herein (i.e., withholding and concealing the materialness and jurisdictional nature of the term "person") that violates the prohibitions of the Due Process Clause.

(Dkt. 1).

Lastly, Petitioner's argument that § 2255 is unconstitutional is unpersuasive. Indeed, "it 'is a curious' argument first to attack as vague a statutory provision and then to seek relief under that same provision" because "a vagueness challenge necessarily concludes that the savings

---

[1] The Court observes that Ground Two, at first blush, may sound like a challenge to the execution of Petitioner's sentence and that it is therefore properly brought in a § 2241 petition. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). But a prisoner's challenge to his classification is not a challenge to the fact or duration of his confinement; rather, it is a challenge to the conditions of that prisoner's confinement. *See Oden v. Wilson*, No. 3:17-cv-286, 2018 WL 359478, at *5 (E.D. Va. Jan. 10, 2018); *Jordan v. Mansukhani*, No. 2:17-cv-1051, 2017 WL 8473826, at *3 (D.S.C. Nov. 16, 2017), *R. & R. adopted*, No. 2:17-cv-01051, 2018 WL 1456741 (D.S.C. Mar. 23, 2018); *Sappleton v. Hogsten*, No. 1:11-00552, 2014 WL 2565547, at *2 (S.D. W. Va. June 6, 2014). And the policy statement and statute Petition invokes relates to inmate security and custody classification. Thus, because in Ground (2) Petitioner is seeking less restrictive conditions and not "immediate release or a speedier release from that confinement—the heart of habeas corpus," that claim cannot be brought in a § 2241 petition. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

clause must be struck down as unconstitutional, but that clause is required to give this Court jurisdiction over a substantive attack on a federal conviction and sentence imposed." *Stinson v. Warden,* No. 3:17-cv-2913, 2017 WL 5479866, at *3 (N.D. Tex. Oct. 24, 2017), *R. & R. adopted,* No. 3:17-cv-2913, 2017 WL 5467687 (N.D. Tex. Nov. 14, 2017), (quoting *Kapenekas v. Snyder-Norris,* No. 0:16-cv-47, 2016 WL 3840521, at *3 (E.D. Ky. July 12, 2016)).

In sum, for the reasons outlined above, the Court must dismiss the § 2241 petition for lack of jurisdiction. Accordingly, it is hereby

**ORDERED** that the § 2241 petition (Dkt. 1) be and is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a motion under 28 U.S.C. § 2255 or a civil action challenging the conditions of his confinement; and it is further

**ORDERED** that Petitioner's request for disqualification of judges of this court (Dkt. 4) be and is **DENIED** as moot.

To appeal this decision, Petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the Petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner must also obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). This Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner.

Entered this 22 day of November, 2022.

Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4